## Green Mount Cemetery Company's Appeal.

*Taxation — Exemption—Cemetery companies—Additional land—Fencing of land—Act of April 9, 1921.*

Where an established cemetery company purchases additional land for burial purposes and temporarily fences off a small portion pending future use and permits a neighboring land owner to use such portion for pasturing two cows thereon, but without receiving from him any rent or return for such use other than the keeping of the land clean and in good condition, the company is not liable under the Act of April 9, 1921, P. L. 119, to pay taxes on such portion.

Appeal from tax settlement. C. P. Greene Co., June T., 1922, No. 64.

*H. C. Sayers, Jr.,* for county commissioners.

*A. A. Purman* and *A. H. Sayers,* for appellant.

RAY, P. J., Jan. 26, 1925.—This is an appeal by the Green Mount Cemetery Company, a corporation, from the decision of the County Commissioners of Greene County, Pennsylvania, holding that certain real estate owned by the said company, situate in the North Ward of the Borough of Waynesburg, Pennsylvania, should be valued and assessed for the purpose of taxation.

The assessor for the year 1922 valued the said property at $2000, which amount was increased by the county commissioners to $2300. From this valuation and assessment the pending appeal was taken. The matter was heard by the court Jan. 18, 1923. From the evidence submitted, the following facts are found:

1. The appellant, Green Mount Cemetery Company, is a corporation, or body politic, in law, and was created by Act of Assembly of the Commonwealth, approved April 15, 1853, P. L. 716.

2. The appellant corporation was created for the purpose of purchasing lands upon which to lay out and sell lots thereon for the interment of the dead.

3. The appellant corporation, on March 20, 1857, for the consideration of $675, purchased from C. A. Black and wife and John Phelan and wife a certain piece or parcel of land, situate in Franklin Township, Greene County, Pennsylvania, bounded and described as follows: . . . .

4. The appellant corporation laid out and ornamented the whole of the said 6¾ acres into approximately 600 burial lots, with suitable walks, drives and open places, erected thereon a dwelling-house for its sexton, and have sold all, or nearly all, the lots therein for the interment of the dead, and said ground is preserved by appellant corporation for the burial of the dead and the continued protection of their remains.

5. The said corporation appointed R. F. Downey and A. H. Sayers, two of the directors thereof, as a committee to negotiate a purchase from Mary Black Inghram and James Inghram, her husband, of certain adjoining real estate for, and to be used as, an addition to said cemetery property, and at a meeting of the directors of the said corporation held Sept. 4, 1919, upon report of said committee, a resolution was duly passed, which report and resolution are as follows:

"Messrs. Downey and Sayers having made report that Mr. and Mrs. Inghram have agreed to take $10,500 for the land described as follows: . . ."

6. In pursuance of the resolution of Sept. 4, 1919, the appellant corporation, on Oct. 3, 1919, in consideration of $10,000, purchased from Mary Black Inghram and James Inghram, her husband, two tracts of land adjoining the 6¾ acres described in the third finding of fact, and which is bounded and described as follows: . . . .

7. The appellant corporation, Oct. 3, 1919, the day the deed was delivered by Mary Black Inghram and James Inghram, her husband, for the land purchased by the said corporation, adopted the following resolution:

"On motion of Hill, seconded by Sayres, Messrs. Denny and Munnell were appointed a committee to take charge of the newly purchased land, have it fenced, cleared off and put in proper condition for cemetery plotting, etc."

8. In pursuance of the said resolution, the appellant corporation fenced the lands, cleared a part thereof and put the same in condition for cemetery plotting, employed George D. Jenkins, a civil engineer, who laid out a part of the same, and appellant has sold about fifty of the lots so laid out to various persons desiring burial lots for present or future use.

9. Appellant corporation erected a temporary fence through tract No. 1, mentioned and described in the sixth finding of fact, said temporary fence running north and south through and about the middle of said lands, and permitted H. D. Freeland to pasture milk cows on the east portion thereof, but appellant corporation never received one cent of rent from said Freeland for the use of said lands, nor did Freeland promise to pay said corporation anything for the use of the same; that appellant corporation has not received any money or other thing of value from any person for anything therein or thereon except from purchase of burial lots therein.

10. That A. V. Amos, the duly elected and qualified property assessor for the North Ward of the Borough of Waynesburg, Greene County, Pennsylvania, in which ward of said borough the cemetery lands of appellant corporation are situate, in the triennial assessment for the years 1922-3-4, assessed the part of the land embraced within the confines of the lands owned by said cemetery company, to wit, ten acres on the east side thereof, which ten acres he valued for the purpose of taxation at the sum of $2000, and returned the same to the County Commissioners of Greene County.

11. That J. B. Main, J. W. Closser and Jesse L. Hartley, the then commissioners of said County of Greene, sitting as a board of revision and appeal, raised the valuation of said cemetery lands from $2000, as fixed by the said assessor, to $2300, and gave notice to appellant corporation of the time and place of holding of the court of appeals.

12. Appellant corporation, by its officers and attorney, attended the said court of appeals and entered protest against the valuation placed upon said cemetery lands, which protest was ignored by the court of appeals and the said cemetery lands of appellant corporation were entered upon the tax duplicates of Greene County for the year 1922.

13. April 10, 1922, the appellant corporation appealed from the action and decision of the county commissioners, sitting as a board of revision and appeal, which appeal was allowed by this court, and notice of the allowance was accepted by the said County Commissions of Greene County.

14. The appellant corporation purchased the whole of the lands described in the sixth finding of fact for cemetery purposes and have made valuable improvements upon said lands, and the whole of the said lands are necessary for cemetery purposes, and no use inconsistent with such purpose has been made by appellant corporation of the said lands or any part thereof.

15. That all the lands owned and held by appellant corporation are necessary for cemetery purposes and are not held for private or corporate profit. The entire revenue derived therefrom by appellant corporation being applied to the support and increase of the efficiency and facilities of the said association, and it is applied to the repair and necessary increase of the grounds and buildings thereon and for no other purpose or purposes.

16. That appellant corporation has assets in cash and security amounting approximately to $19,000 (exclusive of specific bequests of $600, the interest upon which appellant corporation applies to the upkeep of private lots or graves), and the cost of maintenance along the cemetery ground is approximately $2300 per annum, and it is necessary for said appellant corporation to either use a part of the consideration received from the sale of burial lots or a part of the *corpus* of the sum in its treasury to pay the annual upkeep of the grounds and buildings erected thereon.

17. That all the lands held by appellant corporation are necessary and are in the actual use and occupancy of appellant corporation and are held and are necessary for cemetery purposes.

18. That soon after the purchase of the said ten acres by the appellant, it was fenced off from the other part of the land purchased at the same time, and was fenced as a separate tract at the time the valuation was fixed thereon by the county commissioners.

19. That the said ten-acre tract was used as a pasture for cattle by Professor H. D. Freeland, under agreement between him and B. B. W. Denny, secretary-treasurer and general manager of the appellant company, in pursuance of which agreement the said appellant was to clear the said land of bushes and briers and other filth thereon as consideration for pasturing his cattle thereon.

### Conclusions of law.

1. Article IX, section 1, of the Constitution of Pennsylvania provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the taxes, and shall be levied and collected under general laws, exempting from taxation public property used for public purposes, actual places of religious worship, places of burial not used for private or corporate profits, and institutions of purely public charity."

2. The Act of April 9, 1921, P. L. 119, provides: "All churches, . . . all burial grounds not used or held for private or corporate profit: . . . Provided, that the entire revenue derived by the same be applied to the support of and to increase the efficiency and facilities thereof, the repair and the neces-

sary increase of grounds and buildings thereof, and for no other purpose, . . . be and the same are hereby exempted from all and every county, State, borough, township, road, school and poor tax: Provided, that all property, real or personal, other than that which is in actual use and occupation for the purposes aforesaid, and from which any income or revenue is derived, shall be subject to taxation, except where exempt by law, for State purposes, and nothing herein contained shall exempt same therefrom."

## Discussion.

In view of the foregoing findings of fact and of law, we deem it unnecessary to enter into any lengthy discussion of the questions raised on this appeal.

The chief grounds on which the County of Greene, or its county commissioners, base its right to tax the property in question grow out of the following facts: (1) That it was fenced off from the balance of the cemetery lands; (2) that it is not in actual use for the burial of the dead; and (3) that it has been used for the pasturage of cattle.

The evidence discloses, however, that this ten acres fenced off from the remaining lands owned by the appellant corporation was in a very filthy and unsightly condition. It was largely overgrown with thorn bushes, as well as by bushes of various other kinds, and so forth. And it must needs be cleared off and put in proper condition before being surveyed and used for actual burial purposes. Professor H. D. Freeland, who lived near the said ten-acre tract and desired pasturage for some cows he kept, agreed to clear the ground for the pasture it would produce. He was not to pay the appellant corporation anything for the pasture, never has paid it anything and never intends to. On the hearing, Professor Freeland, *inter alia*, testified as follows: "There was a definite understanding between Mr. Denny and me that if I received anything more than I expended that it was to go to improvements of the property. It was talked there should be work done on the property, and if it had any money, it should go to cleaning up the property; and if I had anything left after that, the ground should be harrowed under the trees on the hill and grass sowed. I never had any intention of making anything. I leased the ground as a matter of convenience, because I kept two cows, and the piece of ground on which those cows were pastured I understood was for sale, and my purpose in having rented it was for convenience in the event the owner disposed of the other."

Professor Freeland, while on the witness-stand, was asked this question: "Now, as I understand you, you and Mr. Denny had a contract, in which all the money received from the pasturage and use of this land should be paid in improvements of the land?" And to this question he answered, "Yes, sir."

In our opinion, the said property, under the Act of April 9, 1921, § 1, P. L. 119, is exempt from taxation, and we so find and so hold.

## Decree.

And now, Jan. 26, 1925, this case having come on to be heard was argued by counsel, and, upon due consideration thereof, it is ordered, adjudged and decreed as follows:

1. That the appeal of the Green Mount Cemetery Corporation from the said assessment of its real estate be and the same hereby is sustained.

2. That the Chief Clerk of the County Commissioners of Greene County, Pennsylvania be and hereby is ordered and directed to strike said assessment from the assessment rolls of the North Ward of the Borough of Waynesburg,

Pennsylvania, and that hereafter said lands described in said appeal shall be exempt from taxation.

3. That the County of Greene pay all costs of this action.

4. That the prothonotary enter this decree *nisi* and give notice of the same to the parties or their counsel, and if no exceptions are filed thereto within ten days, this decree shall be entered by the prothonotary as a final decree.

Ordered, adjudged and decreed accordingly.

From S. M. Williamson, Waynesburg, Pa.