## Appeal of Morrisville Cemetery Association

*David A. Clarke*, for appellant.
*Robert L. White*, contra.

128

WALSH, *J.*, October 4, 1976—The Morrisville Cemetery Association has appealed to this court from an order of the Bucks County Board of Assessment Appeals, refusing exemption of a parcel of land used for the residence of the cemetery superintendent.

The applicable statute provides[1]:

"(a) The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:

"(1) . . .

"(2) All actual places of burial, including burial grounds and all mausoleums, vaults, crypts or structures intended to hold or contain the bodies of the dead, when used or held by a person or organization deriving no private or corporate profit therefrom and no substantial part of whose activity consists of selling personal property in connection therewith."

The property in question, consisting of a residence and a detached garage, is contiguous to the cemetery and was purchased some years ago and rented out as an income-producing property until 1972. Since that year, the superintendent and his family have been given use of the house rent free. The superintendent pays the utility charges. The cemetery office is in a separate structure known as the chapel building. Some of the equipment necessary to operate the cemetery is stored in the chapel building and some in the garage on the property in question. Evidence was offered that one of the purposes in the present arrangement is to reduce the likelihood of vandalism.

1. Act of September 22, 1972, P.L. 868 (No. 197), sec. 1, 72 P.S. §5020-204.

Liability of all real estate to taxation is the rule. Exemption is the exception, and the burden is on the taxpayer to bring himself within the exemption statute: Four Freedoms House of Philadelphia, Inc. v. Philadelphia, 443 Pa. 215, 279 A. 2d 155 (1971).

The court is of the opinion that the taxpayer has not met its burden of proof. We believe it is significant that in amending the exemption statute in 1972, the legislature substituted the words "actual places of burial including burial grounds" for the former phrase "all burial grounds." This would indicate a legislative intent to restrict the exemption more narrowly than theretofore. Statutory provisions exempting property from taxation are subject to a strict construction: Robt. Morris College v. Bd. of Prop. Assess. Appeals and Rev., 5 Pa. Commonwealth Ct. 648, 291 A. 2d 567 (1972). We are cognizant that the Court of Common Pleas of Lancaster County upheld an appeal from the refusal of an exemption under similar circumstances.[2] In that case, however, the cemetery office was in the structure exempted, and the case was decided prior to the 1972 amendment.

## ORDER

And now, October 4, 1976, after hearing, it is ordered that the appeal of the Morrisville Cemetery Association from the order of the Bucks County Board of Assessment and Revision of Taxes is denied and dismissed.

---

2. The Lancaster Cemetery Tax Appeal, 37 D. & C. 2d 213 (1965).