In Re: Appeal of Catasauqua Area School District from Decision of the Board of Assessment Appeals of the County of Lehigh, Pennsylvania and Exempting Certain Real Property of Woodlawn Memorial Park Association from Real Estate Taxes. Woodlawn Memorial Park Association, Appellant.

Argued April 3, 1978, before President Judge Bow-
man and Judges Mencer and Rogers, sitting as a panel
of three.

*Frederick J. Lanshe*, with him *Lanshe, Lanshe and
Lanshe*, for appellant.

*Thomas E. Weaver, Jr.*, with him *Weaver, Weaver
& Weaver*, for appellee.

Opinion by Judge Mencer, June 30, 1978:

This appeal is taken by Woodlawn Memorial Park
Association (Woodlawn), a nonprofit cemetery asso-
ciation, from a determination that a 20.322-acre par-
cel of land owned by Woodlawn is not entitled to a
property tax exemption under Section 204(a)(2) of
The General County Assessment Law (Act), Act of
May 22, 1933, P.L. 853, *as amended*, 72 P.S. §5020-204
(a)(2).

Woodlawn applied for and was granted a tax exemption by the Lehigh County Board of Assessment Appeals (Board). The Catasauqua Area School District (Catasauqua) appealed the Board's decision to the Court of Common Pleas of Lehigh County which, after a trial de novo, reversed the Board's decision and denied the exemption. This appeal followed.

The land in question was acquired by Woodlawn in 1963. Prior to the fall of 1975, the land had not been used for any purpose and had not been improved. Before January 1, 1976, the entire tract was surveyed, plotted, and furrowed. An area of approximately 3.6 acres was seeded, landscaped, and provided with an access road. Evergreens and shrubs roughly outline the perimeter of the seeded area. In April and May of 1976, the first three lots were sold and two interments took place in the seeded area.

The question before this Court is whether the land belonging to Woodlawn qualifies as an "actual" place of burial within the meaning of Section 204, such that it is entitled to a tax exemption.

Section 204 of the Act provides:

(a) The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:

. . . .

(2) All *actual places of burial,* including burial grounds and all mausoleums, vaults, crypts or structures intended to hold or contain the bodies of the dead, when used or held by a person or organization deriving no private or corporate profit therefrom and no substantial part of whose activity consists of selling personal property in connection therewith. . . . (Emphasis added.)

Section 204 implements the power granted in Article VIII, Section 2(a)(ii) of the Pennsylvania Constitution, which is:

(a) The General Assembly may by law exempt from taxation:

. . . .

(ii) Actual places of burial, when used or held by a person or organization deriving no private or corporate profit therefrom and no substantial part of whose activity consists of selling personal property in connection therewith. . . .

Woodlawn argues that the entire tract should be exempt because it is intended for use as a burial ground and in fact is being developed for that purpose.

In support of its position, Woodlawn cites *Laureldale Cemetery Association v. Matthews*, 37 Berks 121, 127, 55 Pa. D. & C. 189, 195 (1945), *rev'd on other grounds*, 354 Pa. 239, 47 A.2d 277 (1946), in which the Court said:

It is obviously not necessary for exemption from tax that the property be completely occupied with graves and its capacity for further interment exhausted. A reasonable provision for the deaths to come does not prevent the exemption of the total acreage provided that the area as yet unused is intended and held for burial purposes, and is not excessive in view of all the circumstances.

In *Laureldale*, a seeded but vacant 30-acre portion of a 99-acre cemetery was held to be exempt because it was intended and held for burial purposes and was not excessive in view of anticipated future use. Woodlawn also relies on *Pomfret Manor Cemetery Co. v. City of Sunbury*, 6 Northumberland 193, 4 Pa. D. & C. 147 (1923), and *Green Mount Cemetery Co.'s Appeal*, 7 Pa. D. & C. 200 (1925) (Greene County), which reached the same result.

At the time the above cases were decided, however, Section 204(b) provided an exception for "all burial

grounds." Section 204 was amended by the legislature in 1972 by the Act of September 22, 1972, P.L. 868, §1.[1] The legislature substituted the words "actual places of burial, including burial grounds" for the former phrase "all burial grounds." (The other pertinent provisions remained unchanged.) As Judge WALSH said in *Appeal of Morrisville Cemetery Association,* 29 Bucks 266, 267, 75 Pa. D. & C. 2d 127, 129 (1976), "[t]his would indicate a legislative intent to restrict the exemption more narrowly than theretofore."

Since provisions exempting property from taxation are to be strictly construed, *Robert Morris College v. Board of Property Assessment, Appeals & Review,* 5 Pa. Commonwealth Ct. 648, 291 A.2d 567 (1972), and since the legislature clearly intended the exemption for burial places to be interpreted more narrowly, the exemption must be limited to places which are in fact presently in use as burial sites, *i.e.,* where burials have taken place.

It is the *use* of the land which determines the exemption, and the land independent of such actual use is subject to taxation.

In *Mullen v. Commissioners of Erie County,* 85 Pa. 288, 292 (1877), where property on which a church was being constructed was not exempt, the Supreme Court said:

It is thus clear, from both the constitution and the law, it is the use, not the building, which defines the exemption. But the use which is made of a place is a present fact, not something ideal or in contemplation merely. If religious or public worship have not been held in the place, indeed, statedly held in it, the place itself has not a character. At some day,

---

[1] Prior to the 1972 amendment, the subject matter now encompassed in Section 204(a)(2) was found in Section 204(b).

distant or near, it may be intended to be used for stated public worship, but the fact that it is not now used strips it of its only title to exemption.

Likewise, Section 204(b) of the Act is supportive of this conclusion. It provides:

Except as otherwise provided in clause (11) of this section, all property real or personal, other than that which is actually and regularly used and occupied for the purposes specified in this section, . . . shall be subject to taxation. . . .

Therefore, land which is merely intended for use or which is merely in the process of being developed for use does not meet the standard of "actual" use required by Section 204 and is not entitled to a tax exemption.

In this case, the record demonstrates that two burials have taken place in a portion of the tract. This portion encompasses approximately 3.6 acres and is distinguishable from the remainder in that it is seeded and landscaped, is provided with an access road, and is presently fully prepared to accommodate more burials. To avoid the absurd result of exempting property in actual use on an interment-by-interment basis, land in actual use which is not filled to capacity must be exempt, provided it is fully prepared to accommodate burials and is an integral part of the place of actual burial. Therefore, we find that the approximately 3.6-acre area constitutes an actual place of burial within the meaning of Section 204 and must be granted an exemption.

However, the remainder of the tract in question is merely in the planning and preparation stages of development. No burials have taken place, and undisputed evidence indicates that the land is not ready to accommodate burials. Under the principles discussed above, this portion of the 20.322-acre parcel

may not be considered in use as an actual burial place and is therefore not entitled to an exemption.

The court below did not have before it evidence of the exact acreage and boundary of the seeded area, approximating 3.6 acres, which is exempt. Therefore, we must remand in order that this portion may be specifically identified and declared exempt under Section 204.

Order reversed relative to the refusal to afford a property tax exemption applicable to approximately 3.6 acres of land owned by Woodlawn Memorial Park Association and affirmed as it relates to the remainder of the 20.322-acre tract in question, and case remanded for further proceedings consistent with the foregoing opinion.

ORDER

AND Now, this 30th day of June, 1978, the order of the Court of Common Pleas of Lehigh County in the above captioned case, dated August 12, 1976, is reversed relative to the refusal to afford a property tax exemption applicable to approximately 3.6 acres of land owned by Woodlawn Memorial Park Association and is affirmed as it relates to the remainder of the 20.322-acre tract in question, and the case is remanded to said court for further proceedings consistent with our opinion.